**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

———————————

No. 96-4052

———————————

| | | |
|---|---|---|
| Raphael Williams, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Delta Dental Plan of Missouri; Beck, | * | District of Missouri. |
| Grieshaber, Haffmer, Hotz, Maguire, | * | |
| Oleskevich, Tonsi, DDS, PC, doing | * | [UNPUBLISHED] |
| business as Sunset Hill Dental Group, | * | |
| | * | |
| Appellees. | * | |

———————————

Submitted: September 12, 1997
Filed: September 23, 1997

———————————

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS
SHEPPARD ARNOLD, Circuit Judge.

———————————

PER CURIAM.

The complaint filed by the plaintiff, Raphael Williams, who is black, asserted claims of race discrimination under 42 U.S.C. § 1981, antitrust violations under Section 1 of the Sherman Act, and a state-law claim of tortious interference with a business relationship. The lawsuit is founded primarily on the denial by Delta Dental Plan of Missouri of certain claims submitted by Williams, a periodontist, for treatment

of patients insured by Delta Dental. The District Court[1] determined that Williams's evidence was insufficient to support a prima facie case of race discrimination for purposes of § 1981. As to the Sherman Act claims, the court noted Williams's concession that he lacked evidence to support them. Accordingly, the District Court granted summary judgment to the defendants with respect to the § 1981 and Sherman Act claims. Having thus eliminated the federal-law claims from the case, the District Court declined to exercise pendent jurisdiction (or, to use the current terminology, supplemental jurisdiction) over the state-law tortious interference claim, and dismissed that claim for lack of subject-matter jurisdiction. The court also granted, in part, the defendants' motions for sanctions against Williams for his repeated failures to comply with discovery orders.

Williams appeals the Distict Court's dispositions of his § 1981 and tortious interference claims, as well as the court's imposition of sanctions. Having considered all of Williams's arguments, we conclude that the District Court (1) was correct in determining that Williams's evidence was insufficient to support a prima facie case of race discrimination under § 1981, (2) did not abuse its discretion in declining to exercise jurisdiction over the tortious interference claim, and (3) did not abuse its discretion in imposing sanctions upon Williams. Our review of the record satisfies us that the sanctions imposed were appropriate in amount, and we cannot say that the court abused its discretion by imposing them upon Williams rather than upon his attorney.[2] Because no error of law or abuse of discretion appears and an opinion would add nothing new to the corpus juris, we forego extended discussion. The challenged orders of the District Court are AFFIRMED. See 8th Cir. R. 47B.

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

[2]Williams's counsel in this appeal was not his attorney in the District Court proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.